# EXHIBIT U

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>201 La Porte Avenue<br>Fort Collins, CO 80521<br>_____<br>**Plaintiff:**<br>FORT COLLINS PROPERTIES I, LLC, a Delaware limited liability company,<br><br>v.<br><br>**Defendants:**<br>CONSTRUCTION ENTERPRISES, INC., a Tennessee corporation; PRISTINE REMODELING GROUP, LLC, a Nebraska limited liability company; and TRIPP CONSTRUCTION, INC., a Colorado corporation.<br>_____<br>*Attorneys for Plaintiff:*<br>Mark W. Nelson, #27095<br>Melissa J. Hessler, #35114<br>NELSON LAW FIRM, LLC<br>1740 N. High Street<br>Denver, Colorado 80218<br>Telephone Number: 303-861-0750<br>Facsimile Number: 303-861-0751<br>E-Mail: mark@nelsonlawfirm.net<br>        melissa@nelsonlawfirm.net | DATE FILED: January 6, 2021 6:24 PM<br>FILING ID: 45FCD145E6CDB<br>CASE NUMBER: 2021CV30011<br><br><br>▲ COURT USE ONLY ▲<br>_____<br><br>Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, Fort Collins Properties I, LLC ("Plaintiff" or "Fort Collins Properties"), by and through its attorneys, the Nelson Law Firm, files its Complaint and Jury Demand as follows:

## PARTIES

1. Plaintiff, Fort Collins Properties, at all times material to this Complaint, is a Delaware corporation registered as a foreign corporation with the Colorado Secretary of State with a principal street address of 5 Bryant Park, 1065 6th Avenue, 28th Floor, New York, New York 10018.

2. Upon information and belief, Defendant Construction Enterprises, Inc. ("CEI") is a Tennessee corporation registered as a foreign corporation with a principal street address of 2179 Edward Curd Lane, #100, Franklin, Tennessee 37067.

3. Upon information and belief, Defendant Pristine Remodeling Group, LLC ("Pristine") is a Nebraska corporation, registered with the Nebraska Secretary of State with a designated office address of 1603 Farnam Street, Omaha, Nebraska 68102.

4. Upon information and belief, Defendant Tripp Construction, Inc, ("Tripp Construction") at all times material to this Complaint, is a Colorado corporation with a principal street address of 5605 North Peterson Road, #A, Sedalia, Colorado 80160.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants because: (a) the subject incident occurred in the State of Colorado; (b) Defendants conducted business in the State of Colorado at times material to this action; (c) Defendants purposefully availed themselves of the rights and privileges of the State of Colorado at times material to this action; and/or (d) Defendants committed the tortious or other wrongful acts and omissions described in this Complaint, with resulting injury, damages, loss or other consequences in the State of Colorado.

6. This Court has subject matter jurisdiction over this matter and the controversies described herein.

7. Venue is proper in Larimer County because: (a) the real property, at which Plaintiff sustained damages is located in Larimer County; and (b) some of the tortious or other wrongful conduct described elsewhere in this Complaint occurred in and/or had consequences and caused injury, damages or losses in Larimer County, Colorado.

## GENERAL ALLEGATIONS

8. This action relates to the construction of the multi-building apartment complex known as the District at Campus West located on 1308 West Plum Street in Fort Collins, Colorado 80521 (the "Property").

9. Plaintiff is the owner of the Property, having acquired it on or about May 31, 2017.

10. The buildings comprising the Property have a height of five (5) stories above grade and contain 189 apartment units that are utilized as student housing along with parking structures and other improvements.

11. CEI served as a general contractor for the construction of the Property and was responsible for hiring, coordinating and supervising subcontractors in connection with the construction project, overseeing construction of the Property, and supervising and ensuring the quality of such construction

12. CEI contracted with Pristine and Pristine to serve as contractors for construction at the Property including, but not limited to, providing labor and materials for carpentry, installing

fiber-cement panels and trim, building wrap, windows, sliding glass doors, exterior doors and flashing to the property.

13. Upon information and belief, construction of the Property achieved substantial completion and the City of Fort Collins issued a temporary certificate of occupancy on or about August 11, 2014.

14. In early 2020, Plaintiff first discovered that the Property was suffering from construction defects and that, as a result, there existed current actual property damage that continues and threatens further substantial property damage.

15. Plaintiff promptly undertook further investigation of such construction defect issues, which revealed that the aforementioned conditions were the result of construction defects, violations of applicable building codes, and violations of industry standards as follows:

    a. Loose nail fasteners protruding from the panels;

    b. Overdriven nail fasteners;

    c. Loose fiber cement panels and non-continuous revel trim;

    d. Cracks on fiber cement panels;

    e. Missing portions of panels exposing the water-resistive barrier;

    f. Inconsistent fastening patterns and lack of fasteners, which does not meet the manufactures installation recommendations;

    g. The fiber cement panels are not installed tight to the sheathing;

    h. Wood or metal furring strips were not installed over the water-resistive barrier, as required by the manufacturer. Instead, peel and stick flashing was installed behind each of the vertical reveal strips;

    i. Corrosion on staple fasteners for the water-resistive barrier, which indicates that moisture is being trapped behind the panels;

    j. The fiber cement panels are attached to the building structure with nail fasteners that do not meet the requirements outlined by the manufacturer;

    k. In several locations, the panel fasteners are not secured to the stud framing;

    l. Moisture intrusion in the exterior sheathing ranging of up to 12.2%; and

m.  Rips in the water-resistive barrier.

16. The construction defects and deficiencies described in paragraph 15 above are the direct and proximate result of Defendants' negligence, including faulty construction; use of inadequate, defective and deficient materials and workmanship; inadequate supervision of installation and workmanship; noncompliance with applicable state and local building codes; noncompliance with project plans and specifications; violations of manufacturer's warranties, specifications and installation instructions; and violations of industry standards.

17. As a direct and proximate result of the negligence, construction defects and resulting property damage described above, Plaintiff has incurred damages and losses in an amount to be proven at trial, which includes the costs to repair, replace and remediated the construction defects and property damage, along with the costs of inspection, testing and mitigation efforts.

## **FIRST CLAIM FOR RELIEF**
**(Negligence)**

18. Plaintiff hereby incorporates the foregoing paragraphs herein.

19. Defendants acted as construction and installation contractors for the construction of the Property. In connection with this work, Defendants owed the past and present owners of the Property, including Plaintiff, a duty of care as follows:

a.  To provide direction, expertise, design, labor, materials and/or oversight for development, design and construction of the Property;

b.  To maintain and exercise control over the construction of the Property;

c.  To manage and oversee construction of the Property;

d.  To develop, determine and employ the means and methods of construction of the Property;

e.  To screen, select, and hire subcontractors and workers, including making decisions regarding whether such subcontractors and workers were adequately qualified, staffed, and/or experienced to complete their work at the Property;

f.  To coordinate, direct, communicate, interface with and oversee the work of subcontractors and workers at the Property;

g.  To provide subcontractors and workers with adequate instruction, guidance, and information necessary to competently and properly complete the work at the Property;

      h.      To select which materials should be installed, which materials would be omitted and where such materials were to be installed at the Property;

      i.      To supply materials and perform work in a good and workmanlike manner, free of defects in materials and workmanship;

      j.      To supply materials and perform work in compliance with applicable state and local building codes;

      k.      To select, develop, approve and accept adequate construction specifications, designs, materials, means, methods, techniques, sequences, procedures, assemblies and/or systems;

      l.      To comply with manufacturer's warranties, specifications, and installation instructions;

      m.      To comply with the project plans and specifications;

      n.      To provide adequate oversight, supervision, quality assurance and quality control ("QA/QC") during construction;

      o.      To reject non-conforming work of employees, subcontractors, suppliers and others performing work at the Property; and

      p.      To perform in accordance with industry standards and practices as they existed at the time and place of construction.

20. It was and should have been reasonably foreseeable to Defendants that if they performed their duties and work in a defective, deficient or negligent manner, such conduct would directly and proximately cause damages to the Property and to persons or entities similarly situated to Plaintiff.

21. In performing and completing their work on the Property, Defendants were negligent and breached their duties to Plaintiff.

22. Defendants' negligence has resulted in various construction defects, deficiencies, violations of applicable building codes, violations of project plans and specifications, violations of manufacturer warranties, specifications and installation instructions and violations of industry standards at the Property, and Defendants' conduct unreasonably created and allowed to continue a foreseeable risk of harm to the Property, as detailed in particular in paragraph 17 above.

23. Defendants' negligence has caused and will continue to cause ongoing property damage to the Property.

24. As a direct, proximate and foreseeable result of Defendants' negligence, Plaintiff has been damaged in an amount to be proven at trial as detailed in this Complaint and subject to amendment as the situation evolves and discovery continues.

**WHEREFORE,** Plaintiff requests that judgment be entered and that the Court award interest as permitted by law, costs of this suit, expert witness fees, attorneys fees where applicable and for such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY A JURY OF ALL ISSUES SO TRIABLE**

Dated this 6th day of January, 2021.

Respectfully Submitted,

*/s/ Melissa J. Hessler*
Mark W. Nelson, Esq.
Melissa J. Hessler, Esq.
Nelson Law Firm, LLC
***ATTORNEYS FOR PLAINTIFF***