# EXHIBIT W



# Service of Process Transmittal
06/15/2020
CT Log Number 537795051

**TO:** Tom Ford
Construction Enterprises, Inc.
2179 Edward Curd Ln Ste 100
Franklin, TN 37067-5615

**RE:** **Process Served in Oregon**

**FOR:** Construction Enterprises, Inc. (Domestic State: TN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEFFERSON LOFT, LLC, ETC., PLTF. vs. CONSTRUCTION ENTERPRISES, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV20323 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2020 at 15:21 |
| **JURISDICTION SERVED:** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780108437115 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| JEFFERSON LOFT, LLC, a Delaware limited liability company, | Case No. 20CV20323 |
| Plaintiff, | |
| v. | SUMMONS |
| CONSTRUCTION ENTERPRISES, INC., a Tennessee corporation; and JOHN DOES 1 through 5, | |
| Defendants. | |

TO:  Construction Enterprises, Inc.
c/o CT Corporation System, Registered Agent
780 Commercial St. NE, Suite 100
Salem, OR 97301

You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.osbar.org or by calling (503) 684-3763 in the Portland area or toll-free at (800) 452-7636.

/s/ Tyler J. Storti
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Phone: (503) 221-0699

Trial Attorney: Thomas A. Larkin, OSB #923623

STATE OF OREGON  )
                 ) ss.
County of Multnomah )

I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

/s/ Tyler J. Storti
TYLER J. STORTI, OSB #034695
OF ATTORNEYS FOR PLAINTIFF

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

/s/ Tyler J. Storti
TYLER J. STORTI, OSB #034695
OF ATTORNEYS FOR PLAINTIFF

2141.001-01895856; 1

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN AND FOR THE COUNTY OF LANE

| | |
|---|---|
| JEFFERSON LOFT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CONSTRUCTION ENTERPRISES, INC., a Tennessee corporation; and JOHN DOES 1 through 5,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br>(Negligence)<br><br>Filing Fee: $884.00<br>Fee Authority: ORS 21.160(1)(d)<br>Amount Claimed: $3,000,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL DEMANDED |

**PARTIES, JURISDICTION, VENUE**

1.

Plaintiff Jefferson Loft, LLC ("Plaintiff") is a Delaware limited liability company duly registered and authorized to conduct business in the state of Oregon, with its principal place of business in New York and which owns the real property located in Eugene, Lane County, Oregon that is the subject of the claims in this action.

2.

Defendant Construction Enterprises, Inc. ("CEI") is a Tennessee corporation registered in Oregon as a foreign business corporation, with its principal place of business in Franklin, Tennessee. Upon information and belief, CEI was at all

PAGE 1 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 4 of 13   PageID #: 886

material times licensed as a contractor with the Oregon Construction Contractors Board.

3.

Defendant Does 1 through 5 are individuals and/or entities whose identities are currently unknown to Plaintiff, but whose actions and inactions are responsible and/or contributed to the conduct and damages alleged in this action.

4.

Jurisdiction and venue are proper in the Circuit Court for the State of Oregon in and for Lane County because this action involves real property located in Lane County, and the acts and omissions giving rise to this action took place in Lane County.

**COMMON ALLEGATIONS**

5.

This action relates to the construction of the multi-building apartment complex known as "13th & Olive" located in Eugene, Lane County, Oregon, which lies to the north of West 13th Avenue between Charnelton Street (to the west) and Willamette Street (to the east) (the "Property").

6.

Plaintiff is the owner of the Property, having acquired it on or about November 1, 2016.

7.

The buildings comprising the Property have a height of five (5) stories above grade and contain hundreds of apartment units that are utilized primarily as student housing. The Property also includes parking structures and other improvements.

///

///

PAGE 2 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 5 of 13   PageID #: 887

8.

CEI served as general contractor for the construction of the Property and was responsible for hiring, coordinating and supervising subcontractors in connection with the construction project, overseeing construction of the Property, and supervising and ensuring the quality of such construction.

9.

Upon information and belief, construction of the Property achieved substantial completion and the City of Eugene issued the certificates of occupancy on or about December 23, 2014.

10.

Within the past several months, Plaintiff first discovered that the Property was suffering from construction defects and that, as a result, there existed current actual property damage that continues and threatens further substantial property damage. Plaintiff promptly undertook further investigation of such construction defect issues, which revealed that the aforementioned conditions were the result of construction defects, violations of applicable building codes, violation of manufacturer warranties, specifications and installation instructions and violations of industry standards, as follows:

   a. Loose nail fasteners are protruding from the exterior siding panels, and in several locations can be pulled out by hand with little resistance;
   b. Improperly overdriven nail fasteners at multiple locations in the exterior siding, which expose the panels' core material to moisture and deterioration;
   c. Loose fiber cement panels and reveal trim at numerous locations, which indicate inadequate anchorage and risk failing off the building;

///

PAGE 3 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 6 of 13   PageID #: 888

d. Many cracks ranging in size from hairline to more significant exist in the fiber cement siding panels throughout the Property, often originating from the ends of the panels;

e. Missing portions of panels where they have broken off along cracks, often at the corner of panels, which exposes the water-resistive barrier (WRB);

f. Absorption of water into the siding panels towards the lower edges of horizontal reveals and ledges, which absorption is causing deterioration of panels and exposure to the underlying WRB;

g. Absorption of water into the siding panels around loose fasteners and racks, causing deterioration of the panels and water intrusion through the WRB;

h. Open holes in the siding where fasteners have been removed or have fallen out, which allows water to migrate through the panels and causes panel deterioration and water intrusion through the WRB to the underlying building structure;

i. Inconsistent fastening patterns and lack of fasteners where they should be installed, which is in violation of manufacturer installation recommendations and industry standards, and which is associated with loose panels noted at several locations;

j. Premature deterioration to the paint finish on the reveal trim due to water absorption along horizontal reveals;

k. At certain locations, the bottom edge of the first panel course is installed less than six inches (6") above grade in violation of manufacturer instructions, applicable codes and industry standards;

l. The panels were installed with an improperly excessive gap between the sheathing and inward-facing surfaces of the panels;

PAGE 4 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383    Document 1-23    Filed 04/20/23    Page 7 of 13    PageID #: 889

m. Wood or metal furring strips were not installed over the WRB and exterior sheathing to receive the fasteners for the fiber cement siding panels as required;

n. There is corrosion on the staple fasteners for the WRB, which is further evidence of the water intrusion behind the panels;

o. In several locations the panel fasteners are not secured to the stud framing as required;

p. Moisture absorption on the surface of the exterior sheathing, including near windows/penetrations and in the middle of the field away from such penetrations;

q. Nail fasteners were utilized throughout the fiber cement panel cladding installation in lieu of screw fasteners as required by manufacturer installation recommendations and industry standards;

r. Furring strips were not installed between the exterior sheathing and fiber cement panels at the required spacings or around openings as required by manufacturer installation recommendations and industry standards, which contributes to cracking and deterioration; and

s. Water intrusion, premature deterioration and property damage of underlying structures and substructures behind the exterior siding.

11.

The construction defects and deficiencies described in paragraph 10 above are the direct and proximate result of CEI's negligence, including faulty construction; use of inadequate, defective and deficient materials and workmanship; inadequate supervision of installation and workmanship; noncompliance with applicable state and local building codes; noncompliance with project plans and specifications;

///

PAGE 5 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 8 of 13   PageID #: 890

violations of manufacturer's warranties, specifications and installation instructions; and violations of industry standards.

12.

As a direct and proximate result of the negligence, construction defects and resulting property damage described above, Plaintiff has incurred damages in an amount to be proven at trial, but currently preliminarily estimated at approximately $3,000,000, which includes the costs to repair, replace and remediate the construction defects and property damage, along with the costs of inspection, testing and mitigation efforts. Plaintiff reserves the right to amend this damages calculation and the components thereof as discovery continues.

**FIRST CLAIM FOR RELIEF**

(Negligence)

13.

Plaintiff realleges and incorporates paragraphs 1 through 12 above as if fully set forth herein.

14.

CEI acted as the prime contractor for the construction of the Property. In connection with this work, CEI owed the owners of the Property, including Plaintiff, a duty of care as follows:

    a. To provide direction, expertise, design, labor, materials and/or oversight for development, design and construction of the Property;

    b. To maintain and exercise control over the construction of the Property;

    c. To manage and oversee construction of the Property;

    d. To develop, determine and employ the means and methods of construction of the Property;

///

PAGE 6 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 9 of 13   PageID #: 891

e. To screen, select, and hire subcontractors and workers, including making decisions regarding whether such subcontractors and workers were adequately qualified, staffed, and/or experienced to complete their work at the Property;

f. To coordinate, direct, communicate, interface with and oversee the work of subcontractors and workers at the Property;

g. To provide subcontractors and workers with adequate instruction, guidance, and information necessary to competently and properly complete the work at the Property;

h. To select which materials should be installed, which materials would be omitted and where such materials were to be installed at the Property;

i. To supply materials and perform work in a good and workmanlike manner, free of defects in materials and workmanship;

j. To supply materials and perform work in compliance with applicable state and local building codes;

k. To select, develop, approve and accept adequate construction specifications, designs, materials, means, methods, techniques, sequences, procedures, assemblies and/or systems;

l. To comply with manufacturer's warranties, specifications, and installation instructions;

m. To comply with the project plans and specifications;

n. To provide adequate oversight, supervision, quality assurance and quality control ("QA/QC") during construction;

o. To reject non-conforming work of employees, subcontractors, suppliers and others performing work at the Property; and

///

PAGE 7 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 10 of 13   PageID #: 892

    p. To perform in accordance with industry standards and practices as they existed at the time and place of construction.

15.

It was and should have been reasonably foreseeable to CEI that if it performed its duties and work in a defective, deficient or negligent manner, such conduct would directly and proximately cause damages to the Property and to persons or entities similarly situated to Plaintiff.

16.

In performing and completing its work on the Property, CEI was negligent and breached its duties as follows:

    a. Failing to provide direction, expertise, labor and oversight for development, design and construction of the Property;

    b. Failing to maintain and exercise control over the construction of the Property;

    c. Failing to manage and oversee construction of the Property;

    d. Failing to properly develop, determine and employ the means and methods of construction;

    e. Failing to properly screen, select, and hire subcontractors and workers, including failing to ensure that they were adequately qualified, staffed, and/or experienced to complete the work at the Property;

    f. Failing to coordinate, direct, communicate, interface with and oversee the work of subcontractors and employees at the Property;

    g. Failing to provide subcontractors and workers with adequate instruction, guidance and information necessary to complete their work;

    h. Failing to adequately select which materials would be installed, which materials would be omitted and where such materials were installed at the Property;

PAGE 8 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383    Document 1-23    Filed 04/20/23    Page 11 of 13   PageID #: 893

1     i. Failing to supply materials and perform work in a good and workmanlike
2        manner, free from defects in materials and workmanship;
3     j. Failing to supply materials and perform work in compliance with applicable
4        state and local building codes;
5     k. Choosing, selecting, approving and failing to reject inadequate, defective,
6        deficient construction specifications, designs, materials, means, methods,
7        techniques, sequences, procedures, assemblies and systems;
8     l. Failing to comply with manufacturer warranties, specifications and installation
9        instructions;
10    m. Failing to comply with project plans and specifications;
11    n. Failing to provide adequate oversight, supervision, quality assurance and
12        quality control during construction;
13    o. Failing to reject non-conforming work; and
14    p. Violating relevant industry standards that existed at the time and place of
15        construction.

### 17.

CEI's negligence has resulted in various construction defects, deficiencies, violations of applicable building codes, violations of project plans and specifications, violations of manufacturer warranties, specifications and installation instructions and violations of industry standards at the Property, and CEI's conduct unreasonably created and allowed to continue a foreseeable risk of harm to the Property, as detailed in particular in paragraph 10 above.

### 18.

CEI's negligence has caused and will continue to cause ongoing property damage to the Property.

///

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

19.

As a direct, proximate and foreseeable result of CEI's negligence, Plaintiff has been damaged in an amount to be proven at trial, but which is currently estimated to be $3,000,000 as detailed in this Complaint and subject to amendment as the situation evolves and discovery continues.

## Demand for Jury Trial

20.

Plaintiff demands a jury on all issues so triable.

WHEREFORE, Plaintiff prays for Judgment and Money Award against Defendant CEI, as follows:

1. For judgment in an amount to be proven at trial, but which is currently estimated to be approximately $3,000,000 plus pre and post judgment interest at the highest statutory rate;

2. For Plaintiff's costs and disbursements incurred herein; and

3. For such additional and further relief as the Court deems just and equitable.

DATED this 10th day of June, 2020.

STEWART SOKOL & LARKIN LLC

By: s/ Tyler J. Storti
Thomas A. Larkin, OSB #923623
tlarkin@lawssl.com
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
*Attorneys for Plaintiff Jefferson Loft, LLC*

Trial Attorney: Thomas A. Larkin

PAGE 10 - COMPLAINT

2141.001-01893219; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:23-cv-00383   Document 1-23   Filed 04/20/23   Page 13 of 13 PageID #: 895